Opinion delivered May 15, 1886.

---

[No. 4064.]

DICK MUNSON *v.* THE STATE.

ROBBERY—ASSAULT TO MURDER—CHARGE OF THE COURT.—INDICTMENT for the offense of robbery will not support a conviction for assault with intent to murder. The trial court, therefore, erred in charging the jury that if they did not believe that the accused was guilty of robbery, but did believe from the evidence that he was guilty of an assault with intent to murder, they should find him guilty of the latter offense, and assess his punishment accordingly.

APPEAL from the District Court of Wharton. Tried below before the Hon. W. H. Burkhart.

The indictment charged the appellant with the offense of robbery, and the conviction was for assault with intent to murder. The punishment assessed by the jury was a term of four years in the penitentiary.

The record brings up no statement of facts, the appeal being prosecuted on the one question discussed in the opinion.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

White, Presiding Judge. Appellant was indicted in the lower court for the crime of robbery. On the trial the court instructed the·jury that if they did not believe the defendant was guilty of robbery, but did believe that he as guilty of an assault with intent to murder, they should find him guilty of assault with intent to murder, and assess his punishment accordingly. Under this instruction, the jury found defendant guilty of assault with intent to murder, and it is from a judgment rendered on that verdict, and convicting him of said offense, that this appeal is prosecuted.

We could, perhaps, imagine how an indictment, defective in charging robbery, though attempting to do so, might be good as an indictment for assault and battery. (Smedly v. The State, 30 Texas, 214.) But we can not see how a charge for robbery in the ordinary form under our statute (Penal Code, Art. 722), would or could embrace a charge of assault with intent to murder. Robbery is not one of the crimes especially mentioned in the code as consisting of degrees (Code Crim. Proc., Art. 714), and should it be conceded that it is an offense susceptible of degrees, in so far as intent to rob and attempt to rob are concerned, still it can not embrace assault with intent to murder where the specific intent, which is the gist of the offense, is not alleged—is essential to the description and essential to the proof of the crime. (Code Crim. Proc., Art. 423; Morris v. The State, 13 Texas Ct. App., 65.)

There is no averment in the indictment before us that the assault was with intent to murder the injured party. The defendant was not put upon notice by the indictment that he would be held to answer a charge of assault with intent to murder, and under the indictment he could not legally be convicted of such offense.

Because the judgment of conviction is without warrant or authority of law, it is reversed and the cause remanded.

*Reversed and remanded.*