

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0276-08

### ROBERTO YARIT TREJO, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**KELLER, P.J., filed a concurring opinion in which MEYERS, J., joined.**

In the past, this Court often demonstrated confusion over the concept of jurisdiction. We have said "jurisdiction" when we really meant "authority," and we have failed to clearly distinguish the types of jurisdiction. When this Court previously had an expansive notion of fundamental error, it did not matter so much whether we characterized something as "jurisdiction" or what type of

jurisdiction it was. But after *Marin v. State*[1] and *Almanza v. State*,[2] this Court no longer holds to expansive notions of fundamental error, and it has become increasingly important to label correctly whether an issue really involves a question of jurisdiction, and if so, what type of jurisdiction is implicated. Unfortunately, the Court's opinion today continues to blur the lines between different types of jurisdiction, impeding the trend toward clearly and correctly analyzing what remains of the law of fundamental error.

We have recognized that there are two types of jurisdiction: the trial court's jurisdiction to consider particular types of offenses (subject-matter jurisdiction) and the trial court's jurisdiction over a particular defendant conferred by a charging instrument (personal jurisdiction).[3] Before *Garcia v. Dial*, the two types of jurisdiction were sometimes muddled, with some cases suggesting that a trial court had no subject matter jurisdiction until personal jurisdiction attached to a case via the charging instrument,[4] and other cases characterizing subject matter jurisdiction as the abstract

---

[1] 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993)(categorizing the system as containing three different types of rules for the purpose of error preservation); *see also Sanchez v. State*, 120 S.W.3d 359, 365-66 (Tex. Crim. App. 2003)(*Marin* a watershed decision in the law of error preservation).

[2] 686 S.W.2d 157 (Tex. Crim. App. 1985).

[3] *Teal v. State*, 230 S.W.3d 172, 181 (Tex. Crim. App. 2007); *Garcia v. Dial*, 596 S.W.2d 524, 527-28 (Tex. Crim. App. 1980). Some older cases have suggested a third type of jurisdiction: to render a particular judgment. *Hultin v. State*, 171 Tex. Crim. 425, 435, 351 S.W.2d 248, 255 (1961); *Reed v. State*, 148 Tex. Crim. 409, 412, 187 S.W.2d 660, 662 (1944). In *Davis v. State*, we explained that this type of jurisdiction consisted of the trial court's "authority to render a particular kind of judgment (such as an order of commitment or a judgment for money damages)." 956 S.W.2d 555, 558 (Tex. Crim. App. 1997). That type of jurisdiction is not at issue in this case.

[4] *See Reed*, 148 Tex. Crim. at 412-14, 187 S.W.2d at 662-63 (out-of-state proceedings); *Ringer v. State*, 135 Tex. Crim. 573, 575-76, 121 S.W.2d 364, 366 (1938)(dominant jurisdiction);

authority of the court to decide cases involving certain types of subjects.[5] In *Garcia*, we characterized subject matter jurisdiction in abstract terms: "Jurisdiction of the subject matter . . . exists by reason of the authority vested in the court by the Constitution and its statutes."[6] We referred to subject matter jurisdiction as existing in the district court simply because constitution and statute prescribe that district courts have "jurisdiction in [all] criminal cases of the grade of felony."[7]

---

*Parr v. State*, 108 Tex. Crim. 551, 1 S.W.2d 892 (1928)(defendant did not personally appear before the court); *Ex parte Reynolds*, 35 Tex. Crim. 437, 438, 34 S.W. 120, 121 (1896)(grand jury composed of fourteen men instead of the required twelve).

[5] *Hultin*, 171 Tex. Crim. at 435, 351 S.W.2d at 255 ("The expression 'subject matter,' as used with reference to the problem of jurisdiction, in criminal law, refers to the offense."); *Ex parte Lawson*, 76 Tex. Crim. 419, 421, 175 S.W. 698, 699 (1915)(quoting Bailey on Habeas Corpus: "So that there is a more general meaning to the phrase, 'subject matter,' in this connection, than power to act upon a particular state of facts. It is the power to act upon the general, and, so to speak, abstract question, and to determine and adjudge whether the particular facts presented call for the exercise of the abstract power. Jurisdiction of the subject matter is the power lawfully conferred to deal with the subject involved in the action."); *Cordway v. State*, 25 Tex. Ct. App. 405, 417, 8 S.W. 670, 672 (1888)(disctrict court "had jurisdiction of the subject matter of the prosecution" against the defendant, "that is, the offense of murder," but "did not have jurisdiction over his person to try him for said murder, because he had not been extradited for that particular murder."); *Anderson v. State*, 24 Ct. App. 705, 715-17 (1886)("court had jurisdiction of the offense, the subject matter of litigation," but jurisdiction had not "attached in the particular case" because the complaint was defective; nevertheless, court was a "court of competent jurisdiction" so that an acquittal by a jury would bar reprosecution under the Texas Constitution's double jeopardy clause). *See also Ex parte Ward*, 560 S.W.2d 660, (Tex. Crim. App. 1978) (Douglas, J., dissenting)(Citing 21 C.J.S. Courts §22 (1940) for the proposition that "competent jurisdiction" is susceptible of two meanings, including "jurisdiction over the subject matter, a sort of authority in the abstract, to hear and determine a case"); *Ex parte Clear*, 573 S.W.2d 224, 229 n.6 (Tex. Crim. App. 1978)(dominant jurisdiction "is concerned primarily with jurisdiction over the person (rather than subject matter jurisdiction)").

[6] 596 S.W.2d at 527.

[7] *Id.* (quoting TEX. CONST., Art. 5, §8 and TEX. CODE CRIM. PROC. art. 4.05)(bracketed material in constitutional provision).

We characterized the existence of a valid charging instrument as a question of personal jurisdiction.[8]

This understanding was echoed in cases decided shortly afterwards. In *Fairfield v. State*, we explained that "'jurisdiction' is comprised . . . of the power of the court over the 'subject matter' of the case, conveyed by statute or constitutional provision, coupled with 'personal' jurisdiction over the accused, which is invoked in felony prosecutions, by the filing of a sufficient indictment or information if indictment is waived."[9] In the 1982 case of *Foster v. State*, we relied upon the 1886 decision in *Anderson* for the proposition that a court is a "court of competent jurisdiction" (thus possessing subject matter jurisdiction) even if personal jurisdiction had not attached due to a "fatally defective" indictment.[10] And we have more recently articulated our adherence to *Garcia*'s understanding of subject matter and personal jurisdiction.[11]

Clearly, the trial court in this case had subject matter jurisdiction over the aggravated assault offense because the law prescribes that district courts have jurisdiction over felonies and because

---

[8] *Id.*

[9] 610 S.W.2d 771, 779 (Tex. Crim. App. 1981).

[10] *Foster*, 635 S.W.2d 710, 716-17 (Tex. Crim. App. 1982)(holding that a legal sufficiency review must still be conducted even if the indictment was fatally defective). Before the Texas Constitution was amended in 1985, caselaw held that a fatally defective indictment failed to confer (personal) jurisdiction on the trial court. *See Studer v. State*, 799 S.W.2d 263, 267 (Tex. Crim. App. 1990).

[11] *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001)("personal jurisdiction over the defendant" is lacking when "the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument" while "the trial court lacks subject matter jurisdiction over the offense charged" when, for example, "a misdemeanor involving official misconduct is tried in a county court at law").

aggravated assault is a felony.[12]  The remaining question is whether the trial court had personal jurisdiction over the defendant.  As discussed above, unless waived, an indictment is necessary to vest the trial court with personal jurisdiction in a felony case.[13]  To be a valid indictment under current law, the instrument in question must charge a person with the commission of an offense.[14] The key question here is whether personal jurisdiction is offense-specific.  Does an indictment alleging a particular offense vest jurisdiction with respect to only that offense?  Though older cases indictated that the answer was "yes,"[15] in light of more recent cases,  I would conclude that it is "no."

Subject matter jurisdiction is offense-specific because it is about what type of offense can be tried in the court. But personal jurisdiction is person-specific; it determines whether the court can exercise power over a particular defendant.  A trial court that has acquired personal jurisdiction over a particular defendant may nevertheless lack authority to try a defendant for offenses not covered by

---

[12] TEX. CODE CRIM. PROC. art. 4.05 (jurisdiction of district court); TEX. PENAL CODE §22.02 (aggravated assault).

[13]  See also *King v. State*, 473 S.W.2d 43, 51-52 (Tex. Crim. App. 1971).

[14]  *Cook v. State*, 902 S.W.2d 471, 479-80 (Tex. Crim. App. 1995).

[15]  *See Houston v. State*, 556 S.W.2d 345, (Tex. Crim. App. 1977)(rape was not in fact a lesser-included of burglary; trial court had no jurisdiction to enter judgment for rape on burglary indictment; citing cases); *Van Arsdale v. State*, 149 Tex. Crim 639, 640-43,198 S.W.2d 270, 271-73 (1946)(when case was called for trial, parties agreed to reduce offense of robbery by assault to theft from a person, but theft from a person was not a lesser-included offense of robbery by assault, so the trial court was without jurisdiction); *see also Munson v. State*, 21 Tex. Ct. App. 329, 330, 17 S.W. 251, 251 (1886)(assault with intent to murder was not a lesser-included offense of robbery and so the defendant "could not legally be convicted of such offense").  For this proposition, the court of appeals also cites our more recent case of *Jacob v. State*, 892 S.W.2d 905 (Tex. Crim. App. 1995), *see Trejo*, 242 S.W.2d at 52, but *Jacob* addressed only whether the submitted "lesser" offense was in fact included within the offense charged; it did not address whether the error in submission was jurisdictional in nature. *See Jacob*, *passim*.

an indictment, but that is not the same thing as saying there is no jurisdiction over the person of the defendant. Our opinion in *Almanza*, which was decided after our older jurisdictional cases, also undercuts the holding in those cases. There, we criticized the notion that the submission of an unpleaded theory of liability for the offense charged constituted *fundamental* error, requiring reversal without respect to whether the defendant was harmed.[16]

There are other situations that suggest that a jurisdictional defect is not at issue here. In the civil arena in Texas, issues that were not pleaded may be tried by consent if submitted without objection in the jury charge.[17] In criminal cases in New York, the failure to object to the submission of a lesser-included offense waives any complaint that it is not in fact a lesser-included offense.[18] In a plurality opinion in *Bradley v. State*, Judge Clinton suggested that there may be estoppel consequences from failing to object to the submission of a lesser-included offense.[19] We need not

[16] *Id.* at 172-74 (Tex. Crim. App. 1985)(discussing *Robinson v. State*, 553 S.W.2d 371 (Tex. Crim. App. 1977) as an example of a case that "engender[s] disrespect for the courts and the law" by ignoring "common sense"). Though the *Almanza* court said that "due process would be violated *per se* by convicting a person for murder when he had been indicted for a totally different offense such as robbery," it held that the same could not be said for alternate uncharged theories of the offense that was charged in the indictment. *Id.* at 173. Though the theory aggravated assault submitted in this case was not a lesser-included offense of the aggravated sexual assault that was charged, both offenses were closely related in that they both referred in some way to serious bodily injury (intended or inflicted).

[17] *Southwestern Resolution Corp. v. Watson*, 964 S.W.2d 262, 264 (Tex. 1997).

[18] *People v. Ford*, 62 N.Y.2d 275, 465 N.E.2d 322 (Ct. App. 1984)(based on statute).

[19] 688 S.W.2d 847, 853 (Tex. Crim. App. 1985)("By invoking the benefit of the lesser included offense at trial in not objecting to its submission to the jury, an accused will be estopped from then complaining on appeal that the evidence failed to establish all the elements of the offense."); *but see McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006)(limiting estoppel rule with respect to evidentiary sufficiency claims to "voluntary manslaughter" scenario).

adopt the particular holdings in these cases to recognize that they indicate that the submission of a purported lesser-included offense that is outside the State's pleadings is not a *jurisdictional* defect.

I would hold that the submission to the jury of the offense of aggravated assault and the resulting judgment of conviction for that offense does not constitute a *jurisdictional* defect. I concur only in the Court's judgment.

Filed: April 1, 2009
Publish