Affirmed and Memorandum Opinion filed
August 6, 2009.

 

In The

Fourteenth
Court of Appeals

____________

 

NO. 14-08-01117-CR

____________

 

EX PARTE FRED ALEXANDER AVANT

 

 



 

On Appeal from the 208th District
Court

Harris County, Texas

Trial Court Cause No. 1176768

 



 

M E M O R A N D U M   O P I N I O N

The State appeals from the trial court=s order, signed November 17, 2008,
granting Fred Alex Avant=s application for pretrial writ of habeas corpus and
dismissing the charges against him of aggravated assault.  We affirm.








Fred Alexander Avant claimed he had just
parked his car at his apartment complex and was walking to his apartment when
Robert Paschal drove past him and almost hit him.  The two men had a verbal
confrontation.  Avant claimed Paschal threatened him with bodily harm.  The two
men then went to their respective apartments.  A few minutes later, Avant
decided he should obtain Paschal=s license plate
number and he went back to the parking lot to obtain this number.  Paschal also
returned to the parking lot, where he found Avant near his vehicle.  Avant
claimed he had brought a handgun with him because of Paschal=s threat and
because any blows to his face or neck could cause serious injury or death,
given the stents placed in his neck after a recent stroke.  Avant claimed he
saw Paschal running toward him aggressively and Avant took out his gun and
fired at Paschal.  The shot grazed Paschal=s thigh.  Avant
ran, but claimed Paschal began to chase him.  Avant called the police.   The
police arrested Avant and charged him with unlawfully carrying a weapon.  In
accordance with a plea bargain, Avant was convicted of the offense of
disorderly conduct with punishment of a $100 fine.  

The State subsequently obtained an
indictment against Avant for the offense of aggravated assault with a deadly
weapon.  Avant filed an application for writ of habeas corpus challenging the
charge of aggravated assault.  After a hearing, the trial court granted relief
and dismissed the charges.

An appellate court reviews a trial court=s decision to
grant or deny an application for writ of habeas corpus under an
abuse-of-discretion standard.  Kniatt v. State, 206 S.W.3d 657, 664
(Tex. Crim. App. 2006).  In reviewing the trial court=s ruling, we view
the evidence in the light most favorable to the trial court=s ruling.  Ex
parte Peterson, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), overruled in
part on other grounds by Ex parte Lewis, 219 S.W.3d 335, 371 (Tex. Crim.
App. 2007).  The trial judge, as fact finder at the writ hearing, is the
exclusive judge of witness credibility.  Ex parte Amezquita, 223 S.W.3d
363, 367 (Tex. Crim. App. 2006).  However, if the resolution of ultimate
questions turns on application of legal standards without any credibility
issue, we review the determination de novo.  Peterson, 117 S.W.3d at
819. 








The State raises three grounds for finding
the trial court erred in granting habeas relief:  (1) disorderly conduct and
aggravated assault are two separate offenses and disorderly conduct is not a
lesser-included offense of aggravated assault; (2) there was no promise as part
of the plea agreement that the State would forego any future charges; and (3)
the Aguilty@ plea to
disorderly conduct is void.  We first address whether the State agreed to
forego any future charges.  Avant claims he understood his Aguilty@ plea to
disorderly conduct would be the only criminal charges relating to the conduct. 
According to the affidavit of Avant=s trial counsel,
Luis Midence, he was shown the prosecutor=s file which
contained a note that aggravated assault charges were declined.  Midence
claimed he discussed this note with Courtney St. Julien, the prosecutor, who
told him that aggravated assault charges were declined by intake.  Midence also
stated that St. Julien told him she believed Avant was defending himself and
that Ashe didn=t think that
additional charges would be filed.@  At the writ hearing,
St. Julien, testified that the note was in her handwriting, but she claimed she
did not recall telling Midence that the district attorney=s office would not
pursue aggravated assault charges.  Although the State did not expressly state
that , in connection with the plea agreement, it would forego any additional
charges, it would have been reasonable for Avant and his attorney to believe
the State was not going to charge Avant with aggravated assault.  The State showed
Avant=s counsel the
notation that aggravated assault charges were declined and the prosecutor
mentioned the possible self-defense issues that caused the State to decline
aggravated assault charges.  








Plea bargaining consists of the prosecutor=s concessions
regarding punishment, lesser charges or reduction in counts in exchange for a
defendant=s plea of guilty or nolo contendere.  Ex parte
Williams, 637 S.W.2d 943, 947 (Tex. Crim. App. 1982).  When a defendant
agrees to a plea bargain agreement, he becomes a party to a contract that
becomes operative when the court announces it will be bound by the plea
agreement.  Id.  Once the court makes this announcement, the State
becomes bound by its side of the bargain.  Id.  When a plea bargain is
not kept, the proper relief is either specific enforcement of the plea
agreement or withdrawal of the plea.  Id.  

The trial court could have determined that
the State misled Avant during plea negotiations by representing, either
expressly or impliedly, that it would not pursue the charge of aggravated
assault.  If so, the trial court could have granted habeas relief as a type of
specific performance of the plea agreement.  See Wright v. State, 158
S.W.3d 590 (Tex. App.BSan Antonio 2005, pet. ref=d)(citing Perkins
v. Court of Appeals, 738 S.W.2d 276, 283-84 (Tex. Crim. App. 1987))(once
trial court accepts plea bargain agreement, defendant may insist on benefit of
his agreement and is entitled to enforce agreement by specific performance).  Although
the State argues that there was no express agreement the State would forego
future charges, this was based on the testimony of the former prosecutor, St.
Julien.  As the fact finder, the trial judge was the judge of credibility and
could have found St. Julien=s testimony lacked credibility.

The reporter=s record from the
writ hearing shows the trial judge noted he had originally agreed to decide the
writ application based on affidavits, but agreed to hold the hearing because of
a need expressed by St. Julien to supplement her affidavit.  St. Julien
recalled telling Avant=s attorney that Avant was not being
charged with aggravated assault because there were self-defense issues in the
case.  St. Julien also recalled the written notation she had made on the file
that aggravated assault was declined.  The State then asked St. Julien if she
conveyed to Avant or his attorney the aggravated assault charges would not be
revisited or filed, to which St. Julien answered, ANo.@  After this
testimony, the judge stated he wanted to hear this testimony because it
reflected a change in her testimony.  The judge noted that St. Julien now
recalled there was a discussion of the facts of the case.  








Based on the documents and testimony, the
trial judge could have found the State had considered and declined to pursue
aggravated assault charges, the State discussed this with Avant and his
attorney, and then entered into a plea agreement on the reduced charge of
disorderly conduct.  We find no abuse of discretion by the trial court.  Even
if the specific promise not to pursue aggravated assault charges was not put in
writing, it reasonably followed from St. Julien=s statements at
the time of the plea.  Because the trial court=s ruling may be
upheld on this ground, we need not address the State=s first argument
concerning lesser-included offenses. 

Because it is jurisdictional, however, we
do address the State=s claim that the plea agreement is void. 
The State reasons that the plea agreement is void because Class C disorderly
conduct is not a lesser-included offense of either aggravated assault or
unlawfully  carrying a weapon.  The State cites to McLeod v. State, 56
S.W.3d 704 (Tex. App.BHouston [14th Dist.] 2001, no pet.), and Cunningham
v. State, 726 S.W.2d 151 (Tex. Crim. App. 1987), for the proposition that a
trial court has jurisdiction to convict a defendant of an offense not charged
only if that offense is a lesser-included offense of the charged offense. 
However, the Court of Criminal Appeals recently disavowed this law.[1] 
The high court recently held that  Asubject  matter
jurisdiction requires both a general grant of authority to the trial court and
a charging instrument that invokes that jurisdiction over the particular
case.@  Trejo v.
State, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009).  There must be a valid
indictment to invoke the trial court=s subject matter
jurisdiction.  In this case, the indictment charged appellant with aggravated
assault.  Once jurisdiction has attached, the court retains it until final
disposition.  Id. at 261.  Although the trial court may err in its
ruling, it has jurisdiction to commit the error.  Id.[2] 
Thus, under Trejo, the trial court in this case had jurisdiction.  The
plea agreement, therefore, is not void for lack of jurisdiction.








We affirm the trial court=s order.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges, and Justices Yates and Frost. 

Do Not Publish C Tex. R. App.
P. 47.2(b).









[1]    The Court of Criminal Appeals expressly
disapproved of parts of Cunninham in Hall v. State, 247 S.W.3d
524 (Tex. Crim. App. 2007), but this did not concern jurisdiction.  





[2]  In Trejo, the appellant claimed the trial
court had no jurisdiction to convict him of aggravated assault because it was
not a lesser-included offense of the charged offense.  280 S.W.3d at 259.  The
court found that the trial court did have jurisdiction, but remanded to the
court of appeals for a harm analysis.  Id. at 260.