



# MEMORANDUM OPINION

No. 04-08-00705-CR

Victor **MORALES** Jr.,
Appellant

v.

The **STATE** Of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-5025
Honorable Raymond Angelini, Judge Presiding

Opinion by:   Steven C. Hilbig, Justice

Sitting:   Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed: December 16, 2009

AFFIRMED

Vincent Morales was originally charged with the offense of aggravated assault by threat and using or exhibiting a deadly weapon. A jury found Morales guilty of the offense of deadly conduct and sentenced him to incarceration for five years. The trial court suspended the sentence and placed Morales on community supervision for a period of three years. Morales appeals the judgment,

arguing that deadly conduct was not properly submitted as a lesser-included offense. We affirm the judgment of the trial court.

## BACKGROUND

On March 29, 2007, Ruben Rocco was moving his son out of a house on Cravens Street in Bexar County. Morales lived in the house next door and there was "bad blood" between the Morales and Rocco families. Morales and Rocco began to argue. Rocco testified he was afraid and went into his son's house and called 911. When he went back outside, Rocco saw Morales with a revolver. Rocco testified he turned to go back in the house, and then heard several gunshots. At the time, Robert Reza was working on a roof two houses away. Reza testified he saw the men arguing and saw Rocco go inside. When Rocco came back out of the house, Reza saw Morales point a gun at Rocco and start shooting. Reza saw Morales leave after the shooting, and Reza called 911 to report the incident. Morales testified at trial that he had an argument with Rocco, but denied shooting at Rocco.

After the close of evidence, the judge and attorneys discussed the scheduling of the jury argument and preparation of the charge. The prosecutor told the judge, "he's actually going to ask for – not just one lesser included, but two lesser included." The prosecutor appears to have been referring to defense counsel and to a request for lesser included offenses in the jury charge. The court took a short break, and then asked if the parties had any additions or objections to the proposed jury charge. After an off-the-record discussion, defense counsel asked the judge whether he thought terroristic threat was a lesser included offense. The judge and prosecutor discussed the issue and then another off-the-record discussion took place. When the record resumed, the prosecutor argued terroristic threat was not a lesser-included offense of aggravated assault, and defense counsel argued

it was. The court took another recess and suggested both sides conduct legal research on the issue. After the recess, the debate resumed, with defense counsel arguing terroristic threat should be included. The prosecutor asked the court for clarification as to which lesser included offenses it was considering. The judge responded he was considering terroristic threat and deadly conduct. The prosecutor argued the evidence did not support an instruction on deadly conduct because there was no evidence Morales acted recklessly, as opposed to intentionally. Defense counsel argued that pointing a gun at someone constituted recklessness, and the trial court pointed out that the fact no bullet holes were found could be some evidence Morales fired the weapon in the air. The court then ruled it would include a charge on deadly conduct in the jury charge. After further discussion, the court denied the request for a charge on terroristic threat. The court then recessed for the day. The next morning, when the court asked if either party had objections to the charge, defense counsel objected to the absence of a charge on terroristic threat. The jury returned a guilty verdict on the charge of deadly conduct.

On appeal, Morales argues the trial court erred in submitting a charge on deadly conduct because it is not a lesser-included offense of aggravated assault, and that he suffered egregious harm because of the error.[1] Although the State initially agreed deadly conduct was not a lesser-included offense of aggravated assault, it argued in its reply brief that it is a lesser-included offense of aggravated assault as indicted in this case. The State also argues that Morales invited the trial court

---

[1] In his original brief, Morales argued that because a deadly conduct charge was not authorized under the indictment, the trial court lacked jurisdiction to submit the deadly conduct charge, and the resulting judgment is void. The Texas Court of Criminal Appeals rejected this argument in *Trejo v. State*, holding that conviction of a felony offense erroneously submitted as a lesser-included offense does not deprive the trial court of jurisdiction or render the judgment void. 280 S.W.3d 258, 260-61 (Tex. Crim. App. 2009). After the opinion in *Trejo* issued, Morales filed a supplemental brief, recognizing the holding.

to commit the alleged error and is estopped from complaining about the charge, and that Morales did not suffer egregious harm.

## INVITED ERROR

"The law of invited error estops a party from making an appellate error of an action it induced." *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1102 (2000). "A defendant may not complain of a charge that he requested." *Trejo*, 280 S.W.3d at 260. If the record shows the defendant requested a charge on a lesser offense, he is estopped from complaining of its inclusion in the charge. *Trejo*, 280 S.W.3d at 260. However, "the mere absence of a showing of responsibility for the inclusion of the charge on the lesser offense does not give rise to estoppel." *Id.*

Morales argues the record does not show he requested the deadly conduct charge, and at best, the record reflects an absence of responsibility for the inclusion of the lesser-included offense in the jury charge. We disagree. Although the record does not contain an affirmative request for a deadly conduct charge, the record is sufficient for us to conclude Morales requested the instruction about which he now complains. When the charge conference began, the prosecutor advised the judge that Morales was requesting two lesser included offenses be included in the charge. Defense counsel did not indicate any disagreement with that representation. Morales contends there is no indication in the record that deadly conduct was one of the offenses the prosecutor was referring to. However, the only two offenses discussed were deadly conduct and terroristic threat. Morales also contends that most of the discussion about the lesser-included offenses took place between the judge and the prosecutor, suggesting defense counsel played no role in the inclusion of the deadly conduct instruction in the charge. However, this was because the trial court seemed to be leaning toward

including both lesser-included offenses in the charge, and the prosecutor was arguing against it. There was no need for defense counsel to interrupt the court's colloquy with the prosecutor that was heading in the direction Morales desired. And when the prosecutor argued there was no evidence of reckless conduct,[2] defense counsel affirmatively advocated that Morales's conduct could be considered reckless. We hold the series of recorded discussions among counsel and the trial court adequately demonstrates Morales actively requested the court to include the offense of deadly conduct in the jury charge. He is therefore estopped from complaining that it was error to submit the deadly conduct charge.

## CONCLUSION

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

Do not publish

---

[2] The mens rea required for deadly conduct is recklessness; whereas, intentional conduct is required for terroristic threat. *See* TEX. PENAL CODE ANN. § 22.05 (Vernon 2003); § 22.07 (Vernon Supp. 2009).