**AFFIRMED as MODIFIED and Opinion Filed May 4, 2020**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00126-CR

**SHAWN BRIAN TIMMONS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F18-48186-J**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Nowell, and Evans
Opinion by Justice Evans

Appellant Shawn Brian Timmons appeals the jury's verdict finding him guilty of aggravated sexual assault of a child under fourteen years of age. In two issues, appellant asserts that (1) the judgment of conviction should be reformed to reflect the correct offense and statute and (2) the trial court erred in its charge by failing to instruct the jury to require an unanimous jury verdict as to the lesser-included offense. In two sub-issues, the State requests that the judgment be further modified to reflect (1) that the sex-offender registration requirements apply and should reflect

the age of the victim and (2) a special finding that the victim was younger than fourteen at the time of the offense. We affirm the trial court's judgment as modified.

## BACKGROUND

Appellant was indicted for the offense of continuous sexual assault of a child under fourteen. Appellant entered a plea of not guilty to the indictment.

At trial, complainant's mother—Kathleen White—testified that her husband's aunt—Cynthia Riley—lives around the corner from their house and they see each other on a daily basis. At one point, appellant lived at Riley's house for several months to a year. White testified that complainant, who was fifteen at the time of trial, struggles with depression, anxiety and gender dysphoria. Complainant takes medication for depression and anxiety and receives regular therapy. After a therapy session, complainant told her mother in general terms what appellant had done to her a few years ago. White then went to the police station to report the abuse and give her statement.

Complainant testified that at the time of trial, she had been in therapy for over two years with Vicki Moody. Complainant told Moody about the abuse and then she told White. White took complainant directly to the police station and a few days later complainant spoke to someone at the Dallas Children's Advocacy Center. Complainant testified that she spent a lot of time at Riley's house during the summer because her parents worked a lot. One summer—complainant could not be sure which year—when appellant was living at the house, he made her perform oral sex

on him on three different occasions. Complainant said appellant told her he would put her family in danger if she told anyone about what happened. At trial, complainant testified that she was "six or seven" at the time of the abuse and did not think that she was as old as eleven when the abuse occurred.

Riley testified that appellant moved into her house in March 2015 and out in September or October 2015. Appellant was helping Riley with repairs at her house. Complainant never spoke to her about the abuse. Riley testified she left complainant alone with appellant on three or four occasions.

Moody, complainant's therapist, testified that complainant told her "the handyman at her aunt's house" sexually abused her. Complainant told Moody that she was raped when she was eight years old. Moody also testified that although the medication complainant took could have caused her to have odd dreams, Moody did not have concerns that complainant did not understand the difference between a dream and reality.

Jesse Gonzalez, the director of forensic services at the Dallas Children's Advocacy Center, interviewed complainant and stated that she was able to provide details about the abuse, including sensory details. Gonzalez did not notice any red flags during the interview to indicate that the information was not coming from complainant.

Appellant testified that he had a prior conviction for aggravated assault of a child which involved his seven-year old daughter and that he had pled guilty in that

case. Appellant testified he told Riley that he was a registered sex offender. At the time of his previous offense, appellant had been a drug user and an alcoholic. Appellant testified that he did not know complainant when she was seven or eight years old, which is when the complainant testified that the abuse took place. He further testified that when he lived at Riley's house, he remembered being alone with complainant only one time when she was about eleven years old while Riley went to the store. Appellant denied ever making complainant perform oral sex on him.

In its jury charge, the trial court included the lesser-included offense of aggravated sexual assault and the charge instructed the jury as follows:

### 7) Application: Lesser-Included Offenses

If you do not find beyond a reasonable doubt that the defendant is guilty of Continuous Sexual Abuse of a Child, you shall next consider whether he is guilty of one of the lesser-included offenses described below.

### 7.1) Aggravated Sexual Assault of a Child

Now, bearing in mind the foregoing instructions and definitions, if you unanimously find from the evidence beyond a reasonable doubt that the defendant, Shawn Brian Timmons, on or about or between the 15th day of July, 2015 and the 15th day of September, 2015, in the County of Dallas and State of Texas, intentionally or knowingly caused contact between the mouth of [complainant] with the sexual organ of the defendant, and [complainant] was younger than 14 years of age, you will find him GUILTY of Aggravated Sexual Assault of a Child, as included in the indictment.

After the jury convicted appellant of the lesser-included offense of aggravated sexual assault of a child, the trial court assessed appellant's punishment as life imprisonment. Appellant then filed this appeal.

# ANALYSIS

## A.     Jury Charge Error

In the second issue, appellant argues the trial court erred by failing to instruct the jury to require unanimity as to the lesser-included offense of aggravated sexual assault of a child.

### 1)     Standard of review

When we review claims of jury charge error, we first decide whether there was error in the charge. *Ferguson v. State*, 335 S.W.3d 676, 684 (Tex. App.—Houston [14th Dist.] 2011, no pet.). If there was error and appellant objected to the error at trial, then only "some harm" is necessary to reverse the trial court's judgment. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If, as in this case, the appellant failed to object at trial, then the appellant will obtain a reversal "only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial'—in short 'egregious harm.'" *Id.* Egregious harm is the type and degree of harm that affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defense theory. *Allen v. State,* 253 S.W.3d 260, 264 (Tex. Crim. App. 2008). In making an egregious harm determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information [revealed] by the record of the trial as a whole." *Trejo v. State,* 280 S.W.3d 258, 261

(Tex. Crim. App. 2009) (quoting *Almanza*, 686 S.W.2d at 171). Egregious harm is a difficult standard to meet and must be determined on a case-by-case basis. *See Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002).

### 2) Analysis

Consistent with the federal constitution, Texas law requires that a jury reach a unanimous verdict about the specific crime that the defendant committed. *See Ramos v. Louisiana*, No. 18-5924, 2020 WL 1906545, at *6 (U.S. Apr. 20, 2020) (Sixth Amendment requires a unanimous verdict to support conviction in state court); TEX. CODE CRIM. PROC. art. 36.29(a); *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011). This means that the jury must agree upon a single and discrete incident that would constitute the commission of the offense alleged. *Cosio*, 353 S.W.3d at 771. "[N]on-unanimity may occur when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions." *Id.* at 771–72. Each of the multiple incidents establishes a different offense or "unit of prosecution." *Id.* In such a situation, it is the trial court's responsibility to ensure unanimity by instructing the jury in the charge that its verdict must be unanimous as to a single incident offense or unit of prosecution among those presented by the State. *Id.*

Appellant was charged with continuous sexual abuse of a child consisting of three separate incidents of forced oral sex. As stated above, the jury charge also included instructions on the lesser-included offense of aggravated sexual assault of

a child. The State concedes that the "potential for non-unanimity arose when the jury charge submitted only one such offense to the jury as a lesser-included offense but did not expressly require the jury to agree on a single and discreet incident to convict Appellant of the lesser-included offense." In other words, the jury may have believed that it had to be unanimous about the offense but not the criminal conduct constituting the offense. *Cosio*, 353 S.W.3d at 774. As this constituted error, we turn to the question of whether appellant suffered egregious harm.

### a) Entire jury charge

The court of criminal appeals has noted that generic language regarding unanimity is insufficient to apprise the jury of the unanimity requirement when more than one incident of criminal conduct could be relied on for conviction. *See Arrington v. State*, 451 S.W.3d 834, 841 (Tex. Crim. App. 2015); *Casio*, 353 S.W.3d at 773 ("Although the instruction's 'boilerplate' section informed the jury that it must be unanimous, the jury could have understood it to mean that they had to be unanimous about the offense in general, not a particular incident comprising the offense."). Here, the charge for aggravated sexual assault stated that the jury had to be unanimous but did not apprise the jurors that they had to be unanimous on which incident of criminal conduct they believed constituted the aggravated sexual assault. Accordingly, this factor weighs in favor of a finding of egregious harm. *See Arrington*, 451 S.W.3d at 841.

## b) Entirety of the evidence

Under this factor, we look to the state of the evidence to determine whether the evidence made it more or less likely that the jury charge caused appellant actual harm. *See Blanco-Lazo v. State*, No. 05-15-01166-CR, 2016 WL 7438757, at *6 (Tex. App.—Dallas Dec. 27, 2016, no pet.) (mem. op., not designated for publication). In this case, complainant testified appellant forced her to perform oral sex on him on three different occasions and she described each of the three incidents. Appellant testified in his defense that he never touched complainant or forced her to perform oral sex. At trial, appellant argued there was no physical evidence and attempted to raise reasonable doubt about the alleged acts by arguing that complainant's medication made her unable to separate dreams from reality. Appellant also argued complainant's memory was not credible because of the numerous inconsistencies about the year in which the incidents occurred. Thus, appellant's trial strategy was to discredit complainant's testimony and to deny that he committed any offense at all. This Court previously noted that this type of trial strategy "left the jury with an all-or-nothing decision when evaluating the alleged conduct—either he was guilty or he was not." *Id.* If the jury had believed appellant's theory, it would have found him not guilty of aggravated sexual assault. Instead, in finding him guilty, the jury necessarily found the complainant to be credible and disbelieved appellant's defense. The entirety of the evidence does not show that the

jury charge caused appellant actual harm and, therefore, we conclude this factor does not support a finding of egregious harm. *See id.*

### c) Argument of counsel

Under this factor, we must determine whether any statements made by the State, appellant's trial attorneys, or the trial court exacerbated or ameliorated the error in the charge. *See Arrington*, 451 S.W.3d at 841. In this case, neither the State nor appellant told the jurors that they must be unanimous about which criminal episode constituted the offense of aggravated sexual assault, nor were they told that they need not be unanimous. This factor, therefore, weighs neither for nor against finding egregious harm. *See id.*

### d) Other relevant information

Under this factor, appellant raises two statements made by the prosecutor during voir dire that "mudd[y] the water regarding the requirements of a unanimous jury verdict." The first statement was the following:

> The legislature takes that into account about a child's ability to retell events, about the date and time when things are occurring. On or about means the return date of the indictment, which you will have if you're on the jury. You will have that.

> But the law doesn't require that the State prove that an offense took place on a particular month, date, and year, as long as it's anytime before the return date of the grand jury indictment. And you would have that information.

The second statement was this:

And we've talked about the two or more acts of sexual abuse. As you read in the indictment, the act of sexual abuse is contact between -- I apologize between for the typo, mouth of the complainant and sexual organ of the defendant. Okay? So that's the kind of contact.

A sexual abuse of a child can occur in many, many, many different ways, but that's applicable here in this case, okay? That particular type of contact. And, so, that on its own happening one time and one time alone is a criminal offense. Okay?

So I don't want you to think that the law says it has to be two or more times for it to be a criminal offense. One time is an offense. Okay? Is everyone comfortable with that? Just one occurrence of that is a criminal offense. It's just not this criminal offense. Okay?

Appellant alleges that these statements reinforce the notion that the jury could convict by finding appellant guilty of the lesser-included offense for one occurrence "even if some jurors believe the first incident was true, other jurors believed the second incident was proven and even if some jurors believe the third incident was proven." Appellant argues that these statements "aggravate the erroneous idea that the jury could find Appellant guilty of just violating the lesser-included penal code section in general and not requiring the jury to find Appellant guilty of a specific act of sexual abuse . . . ."

We disagree. In the first statement, the prosecutor was discussing the elements of continuous sexual abuse of a child with the potential jurors. When the State got to the element of "on or about a certain date," the State asked who in the panel had small children and discussed their children's struggles with recalling dates. This statement did not involve or address unanimity for the lesser-included offense. In regard to the second statement, the prosecutor was addressing the element of "two

–10–

or more acts of sexual abuse" in his remarks. The prosecutor was explaining that while it is a crime if someone commits a single act of sexual abuse, the offense of continuous sexual abuse exists (or is established) only if there are two or more acts. Again, this statement did not involve or address unanimity for the lesser-included offense of aggravated sexual assault. For the reasons described above, these statements do not support a finding of egregious harm.

### e) Consideration of the four factors

The only factor that weighs in favor of finding egregious harm is consideration of the entire jury charge. "In *Arrington* and *Cosio*, the court of criminal appeals found no egregious harm even though, in both cases, that factor weighed in favor of egregious harm." *See Blanco-Lazo*, 2016 WL 7438757, at \*9. Likewise, we conclude that the trial court's failure to instruct the jurors to unanimously agree on a single offense did not cause appellant egregious harm in this case. We overrule appellant's second issue.

### B. Reformation of Judgment

In his first issue, appellant requests that this Court reform the judgment to reflect the correct offense and statute. The judgment reflects a conviction for continuous sexual abuse of a child under fourteen, but the jury returned a guilty verdict for aggravated sexual assault of a child. In addition, the judgment reflects the statutory provision for the offense as section 21.02 of the penal code but the correct statute is section 22.021 of the penal code. In cases such as these, where the

necessary data and information is available, we have the authority to modify the incorrect judgment. *See* TEX. R. APP. P. 43.2(b); *Estrada v. State,* 334 S.W.3d 57, 63 (Tex. App.—Dallas 2009, no pet.) ("This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so."); *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we sustain appellant's first issue and modify the judgment to reflect that appellant was convicted of aggravated sexual assault of a child and that the statute for the offense is section 22.021 of the Texas Penal Code.

We next address the State's cross-issue that the judgment be modified to reflect that the sex-offender registration requirements apply and should include the age of the victim. The judgment in this case incorrectly states that the "Sex Offender Registration Requirements do not apply to the Defendant," and states "N/A" for the age of the victim at the time of the offense. Appellant's conviction for aggravated sexual assault of a child of a child is defined as a "[r]eportable conviction or adjudication" for purposes of the sex offender registration statute. *See* TEX. CODE CRIM. PROC. art. 62.001(5)(A) (stating, in part, that a conviction based on a violation of 22.021, aggravated sexual assault of a child, is a "[r]eportable conviction or adjudication"). As a person who has a reportable conviction or adjudication, appellant is subject to the registration requirements of that program. *See id.* art. 62.051. Here, the evidence established that complainant was born on September 30, 2003 and the abuse took place between July 15, 2015 and September 15, 2015.

–12–

Accordingly, we modify the judgment in this case to show that the sex offender registration requirements apply and that the age of the victim at the time of the offense was eleven years of age. *See* TEX. R. APP. P. 43.2(b); *Montero v. State*, No. 05-18-01281-CR, 2019 WL 3229170, at *4 (Tex. App.—Dallas July 18, 2019, no pet.) (mem. op., not designated for publication) (modifying judgment to include sex offender registration requirements and age of victim); *Lourenco v. State*, No. 05–13–01092–CR, 2015 WL 356429, at *10 (Tex. App.—Dallas Jan. 28, 2015, no pet.) (mem. op., not designated for publication) (same); *Ruiz v. State*, No. 05–12–01703–CR, , 2014 WL 2993820, at *12 (Tex. App.—Dallas June 30, 2014, no pet.) (mem. op., not designated for publication) (same).

In the State's second cross-issue, it requests that that judgment be modified to include a special finding that the victim was younger than fourteen at the time of the offense. The code of criminal procedure requires an affirmative finding that the victim of a sexually violent offense was younger than fourteen years of age. *See* TEX. CODE CRIM. PROC. art. 42.015(b).[1] A "sexually violent offense" includes aggravated sexual assault "committed by a person 17 years of age or older." *See id.* art. 62.001(6)(A). The record shows that appellant was born in 1966 and the

---

[1] Article 42.015(b) of the Texas Code of Criminal Procedure provides: "In the trial of a sexually violent offense, as defined by Article 62.001, the judge shall make an affirmative finding of fact and enter the affirmative finding in the judgment in the case in the judge determines that the victim or intended victim was younger than 14 years of age at the time of the offense."

–13–

abuse took place in 2015, making appellant forty-nine years old at the time of the abuse. As stated above, the complainant was eleven years old at the time of the abuse. We conclude the judgment should have an affirmative finding of a sexually violent offense. For these reasons, we modify the judgment to reflect a finding that the victim "was younger than 14 years of age at the time of the offense." *See id*. art. 42.015(b); *Alexander v. State*, No. 05-18-00784-CR, 2019 WL 3334625, at *6 (Tex. App.—Dallas July 25, 2019, no pet.) (mem. op., not designated for publication).

## CONCLUSION

Based on the foregoing, we modify the trial court's judgment to reflect that appellant was convicted of aggravated sexual assault of a child and that the statute for the offense is section 22.021 of the Texas Penal Code. In addition, the statement "Sex Offender Registration Requirements do not apply to the Defendant" in the judgment should be modified to "Defendant is required to register as a sex offender in accordance with Chapter 62, CCP" and the statement "The age of the victim at the time of the offense was N/A" should be modified to "The age of the victim at the time of the offense was 11." The judgment should also be modified to include the following affirmative finding: "The Court enters an affirmative finding that the victim or intended victim was younger than 14 years of age at the time of the offense."

As modified, we affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE



Do Not Publish
TEX. R. APP. P. 47

190126F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHAWN BRIAN TIMMONS,
Appellant

No. 05-19-00126-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F18-48186-J.
Opinion delivered by Justice Evans.
Justices Partida-Kipness and Nowell
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The conviction is for aggravated sexual assault of a child and the correct statute for the offense is section 22.021 of the Texas Penal Code. The statement "Sex Offender Registration Requirements do not apply to the Defendant" in the judgment should be modified to "Defendant is required to register as a sex offender in accordance with Chapter 62, CCP" and the statement "The age of the victim at the time of the offense was N/A" should be modified to "The age of the victim at the time of the offense was 11." The judgment should include the following affirmative finding: "The Court enters an affirmative finding that the victim or intended victim was younger than 14 years of age at the time of the offense."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered May 4, 2020.