# Court of Appeals
## Tenth Appellate District of Texas

10-23-00336-CR

Darwin Batton,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
85th District Court of Brazos County, Texas
Judge Kyle Hawthorne, presiding
Trial Court Cause No. 16-03740-CRF-85

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Darwin Batton was convicted of Driving While Intoxicated, a third-degree felony, enhanced, and sentenced to 40 years in prison. *See* TEX. PENAL CODE §§ 49.09(b); 12.42(d). In his sole issue on appeal, Batton complains that because the 85th District Court in Brazos County also had misdemeanor jurisdiction, the trial court erred in admitting over objection two prior convictions as elements to be proved in the guilt/innocence phase of the trial

when the prior convictions should have been construed as punishment enhancements. Because the trial court did not abuse its discretion, we affirm the trial court's judgment.

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). There is no abuse of discretion if the trial court's ruling is within the zone of reasonable disagreement. *De La Paz v. State*, 279 S.W.3d 336, 343-44 (Tex. Crim. App. 2009).

Batton is correct that the 85th District Court has concurrent jurisdiction with the statutory county courts of Brazos County in misdemeanor cases. TEX. GOV'T CODE § 24.187(b). It also has original jurisdiction in felony cases. *Id*.; TEX CODE CRIM. PROC. art. 4.05. *See also* TEX. CONST art. V, § 8.

The subject-matter jurisdiction of a court requires both a general grant of authority to the trial court *and* a charging instrument that invokes the court's jurisdiction over a particular case. *Trejo v. State*, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009). Here, the 85th District Court has the authority to hear felony cases. Batton was charged by indictment with the third degree felony offense of driving while intoxicated pursuant to Texas Penal Code Section 49.09(b)(2); he was not charged with the misdemeanor offense of driving while intoxicated pursuant to Texas Penal Code Section 49.04. Section 49.09(b)(2)

identifies an aggravating fact—consisting of multiple prior driving while intoxicated convictions—that raises the level of the offense from a misdemeanor to a felony, thus conferring subject-matter jurisdiction upon a felony court such as the 85th District Court. *See Holoman v. State*, 620 S.W.3d 141, 145-46 (Tex. Crim. App. 2021). And it is well-settled that these prior driving while intoxicated convictions are jurisdictional elements of the felony offense which not only must be alleged to invoke the jurisdiction of the felony court but also must be proved to obtain a conviction. *See Barfield v. State*, 63 S.W.3d 446, 448 (Tex. Crim. App. 2001). *See also Oliva v. State*, 548 S.W.3d 518, 533 (Tex. Crim. App. 2018); *Martin v. State*, 200 S.W.3d 635, 641 (Tex. Crim. App. 2006); *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). Thus, although the 85th District Court has the authority to hear misdemeanor cases, the indictment conferred felony jurisdiction on the court over Batton's case.

Accordingly, because the indictment conferred felony jurisdiction on the trial court and because the two prior convictions are jurisdictional elements, the trial court did not err in permitting the introduction of Batton's two prior convictions in the guilt/innocence phase of his trial. Batton's sole issue is overruled, and the trial court's judgment is affirmed.

LEE HARRIS
Justice

OPINION DELIVERED and FILED: May 1, 2025

Before Chief Justice Johnson,
       Justice Smith, and
       Justice Harris
Affirmed
Do Not Publish
[CRPM]

