NUMBER 13-09-00619-CR
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

ALFREDO ELIAS GOMEZ,                                                          Appellant,

v.

THE STATE OF TEXAS, Appellee.
                                                                                                                       

On appeal from the 139th District Court
 of Hidalgo County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Yañez, Garza, and Benavides
Memorandum Opinion by Justice Benavides

          Appellant, Alfredo Elias Gomez, was indicted on a charge of capital murder, and the
jury found him guilty of the lesser-included offense of murder. See Tex. Penal Code Ann. 
§ 19.02(b) (Vernon Supp. 2010). The jury assessed punishment at life imprisonment in the
Institutional Division of the Texas Department of Criminal Justice. Id. § 12.32 (Vernon
Supp. 2010). By four issues, Alfredo argues on appeal that the trial court erred by: (1)
including a charge to the jury on criminal conspiracy because it was not charged in the
indictment and is not a lesser-included offense of capital murder; (2) failing to provide an
answer blank for the charge of criminal conspiracy if it was to be included in the jury
charge; (3) failing to provide an instruction on the range of punishment for conspiracy and
a blank in the punishment charge for the jury to consider that range of punishment; and (4)
charging the jury on aggravated robbery, which is not included in the indictment and is not
a lesser-included offense of capital murder. We affirm.
I. Background
          The testimony in this case indicated that the appellant, Alfredo, along with several
friends and family members, entered the home of Miguel Cahue under false pretenses in
order to rob him. Two of Alfredo’s associates, Marvin Gomez and Jose Martinez, agreed
to reduced sentences in exchange for their testimony. Their testimony and the other
evidence at trial indicated that Alfredo rang the doorbell and asked to use the bathroom. 
After being let in, another of Alfredo’s group rang the doorbell and threatened Cahue with
a BB gun. Several people in Alfredo’s group then entered the house to take valuables,
while one person, Michael Anthony Mancha, sat on top of Cahue and covered his face with
a sweater. Alfredo attempted to duct-tape Cahue’s legs. Alfredo’s own testimony indicated
that when Cahue refused to cooperate, Alfredo began to “hit his ankles” and that he “hit
and kicked” Cahue while Mancha hit Cahue in the head numerous times—possibly with a
weapon. The others scoured the house and were later found to have in their possession
a portable DVD player, jewelry, and a camera that belonged to Cahue. Cahue was
bleeding throughout the living room, and after the robbery was complete, several of the
group picked him up and dragged him to the bathroom. Cahue died of his injuries and was
discovered in his bathroom the following day by police officers who were called when
Cahue failed to show up to a doctor’s appointment or return phone calls from his friends
and family. There was some disagreement among those testifying as to who hit Cahue,
who restrained him, who stayed in the car, and who moved him to the bathroom. Alfredo
was ultimately found to be in possession of a majority of the stolen items, the BB gun, and
a shirt with Cahue’s blood on it.
          The jury charge included instructions on capital murder, murder, and aggravated
robbery. Each of the instructions included the option to find Alfredo guilty of the offense
by reason that Alfredo “encouraged, directed, aided, or attempted to aid” his associates
in that crime. Alfredo was found guilty of murder, and the jury assessed punishment at life
imprisonment. No relevant objections were made to the jury charge before it was
presented to the jury.
II. Standard of Review
          “Our first duty in analyzing a jury-charge issue is to decide whether error exists. 
Then, if we find error, we analyze that error for harm.” Ngo v. State, 175 S.W.3d 738, 743
(Tex. Crim. App. 2005) (citing Middleton v. State, 125 S.W.3d 450, 453 (Tex. Crim. App.
2003)). The degree of harm required to reverse the trial court’s judgment depends on
whether or not the appellant objected to the charge before it was given to the jury. Id. 
Under Almanza v. State, if the defendant has properly objected to the charge, we need
only find “some harm” to reverse the trial court’s judgment. Ngo, 175 S.W.3d at 743-44
(citing Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g)). 
When the defendant fails to object, however, or states that he has no objection to the
charge, “we will not reverse for jury-charge error unless the record shows ‘egregious harm’
to the defendant.” Id. 
III. Analysis
          By his first issue, Alfredo contends that conspiracy is not a lesser-included offense
of capital murder because it includes additional elements not needed to sustain a charge
of capital murder—namely, an agreement to engage in criminal conduct between two or
more people and an overt act pursuant to that agreement. Alfredo claims that because
it was not a lesser-included offense, and because it was not included in the indictment,
conspiracy should not have been included in the possible methods of the offense as
instructed. We disagree with the premises of Alfredo’s argument.
          Alfredo is correct that criminal conspiracy is not a lesser-included offense of capital
murder. See Woodard v. State, No. PD-0130-10, 2010 Tex. Crim. App. LEXIS 1238, at
*1 (Tex. Crim. App. Oct. 6, 2010); see also Hall v. State, 225 S.W.3d 534, 536 (Tex. Crim.
App. 2007) (outlining the two-step approach to determine if an offense is a lesser-included
offense of another offense). Alfredo is also correct that it would have been error for the
trial court to instruct the jury on this offense. See Woodard, 2010 Tex. Crim. App. LEXIS
1238, at *1 (finding that an instruction for an unindicted offense of conspiracy constituted
error by the trial court). However, the jury was not instructed on a charge of criminal
conspiracy. In his brief, Alfredo confuses an instruction on criminal conspiracy with the
instruction actually presented to the jury—criminal responsibility for the anticipated result
of a conspiracy to commit a felony as one possible means by which the jury could have
found the defendant guilty of murder, commonly known as the law of parties.


 
          It is permissible for each juror to find a defendant guilty of the same crime based on
different theories of the means by which the crime was committed—the law of parties being
only one that was presented to the jury. See Pizzo v. State, 235 S.W.3d 711, 714 (Tex.
Crim. App. 2008) (“Jury unanimity is required on the essential elements of the offense,” but
is “generally not required on the alternative modes or means of commission.”); Huffman
v. State, 267 S.W.3d 902, 905 (Tex. Crim. App. 2008) (holding that different legal theories
of criminal liability involving the same victim are alternative methods of committing the
same offense, and not different offenses). The law of parties, as it was charged in this
case, does not constitute a separate offense. See Holford v. State, 177 S.W.3d 454, 462-63 (Tex. App.–Houston [1st Dist.] 2005, pet. ref’d) (“The paragraphs instructing on
conspiracy and law of parties include a transferred intent as a potential means of
committing the offense, but the transferred intent ultimately relates to the same actus
reus.”). 
           Unlike the independent charge of criminal conspiracy, the law of parties is not
required to be included in the indictment, and may be included in a jury instruction if the
evidence supports such an instruction as a possible means by which the crime was
committed. Marable v. State, 85 S.W.3d 287, 287 (Tex. Crim. App. 2002) (“[I]t is
well-settled that the law of parties need not be pled in the indictment.”); see also Moreno
v. State, No. 04-03-00405, 2005 Tex. App. LEXIS 6840, at *1-2 (Tex. App.–San Antonio
Aug. 24, 2005, no pet.) (mem. op., not designated for publication) (noting that the trial court
could charge the jury on the law of parties even if the theory of liability was not alleged in
the indictment). 
          The law of parties was raised by the evidence in this case, particularly with Alfredo’s
admissions that he: (1) helped restrain Mancha; (2) attempted to tape Cahue’s legs; and
(3) hit and kicked Cahue when he resisted. Therefore, the law of parties was a proper
means by which Alfredo could be found guilty of murder. Even though it would have been
error to instruct the jury on the non-indicted offense of conspiracy, no such instruction
appeared in this case. Accordingly, we overrule Alfredo’s first issue. 
          By his second and third issues, Alfredo argues that if conspiracy was to be included,
it should have been given with a separate instruction, a separate answer blank for the jury
to find conspiracy, and a separate instruction on the range of punishment for an offense
of conspiracy to commit capital murder or murder. Alfredo argues that a conspiracy finding
would have allowed a second-degree felony finding, allowing sentencing from two to twenty
years rather than the possibility of life imprisonment. See Tex. Penal Code Ann.
§ 15.02(d) (Vernon Supp. 2010) (punishment ranges). 
           Alfredo would only be entitled to an instruction on criminal conspiracy if he could
show that it was a lesser-included offense of the indicted offense and if the lesser-included
offense was supported by the evidence. Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim.
App. 1985) (describing the two-part test and noting that “[m]erely because a lesser offense
is included within the proof of a greater offense, however, does not always warrant a jury
charge on the lesser offense.”). As we have noted above, criminal conspiracy is not a
lesser-included offense of the capital murder alleged in this case, and it would have been
error to include such an instruction. See Woodard, 2010 Tex. Crim. App. LEXIS 1238, at
*1. Therefore, Alfredo was not entitled to an answer blank for the charge of criminal
conspiracy, an instruction on the range of punishment for conspiracy, or a blank in the
punishment charge for the jury to consider that range of punishment. Accordingly, we
overrule Alfredo’s second and third issues.  
          By his fourth issue, Alfredo argues that the trial court erred by charging the jury on
aggravated robbery—which was not included in the indictment and is not a lesser-included
offense of capital murder. Therefore, he claims he was deprived of fair notice necessary
to mount a defense. The State concedes that aggravated robbery is not a lesser-included
offense of the capital murder alleged in the indictment in this case but, nevertheless,
argues that Alfredo has not demonstrated “egregious harm.” We agree with the State.
          Alfredo did not object to the jury charge on this ground, and therefore, Alfredo must
show “egregious harm” in order to have the trial court’s final judgment reversed. Trejo v.
State, 280 S.W.3d 258, 261 (Tex. Crim. App. 2009); Ngo v. State, 175 S.W.3d 738, 743
(Tex. Crim. App. 2005); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)
(op. on reh’g). Alfredo was not convicted of aggravated robbery, and he does not explain
the counter-intuitive proposition that the inclusion of a lesser-included offense of which he
was not convicted would cause him to be more likely to be convicted of the more serious
offense. Additionally, Alfredo’s counsel was clearly complacent in the jury charge as it was
given to the jury because he commented several times that the jury should find Alfredo
guilty of the robbery, but not of the murder—apparently using the additional instruction to
facilitate his trial strategy. In one instance, he said to the jury, 
I could stand here and be ridiculous and tell you [to] find him not guilty of
everything. You know what, that would be ridiculous. That really would. 
You know why? Because he got up there and he said “I went and I went to
rob the man.” He told you what he went to do. I think you should find him
guilty, but you should find him guilty of what he did do, not of something that
he did not do.
          Regardless of these points, however, Texas law generally presumes that the jury
follows the trial court’s instructions in the manner presented. See Thrift v. State, 176
S.W.3d 221, 224 (Tex. Crim. App. 2005) (citing Colburn v. State, 966 S.W.2d 511, 520
(Tex. Crim. App. 1998); Williams v. State, 937 S.W.2d 479, 490 (Tex. Crim. App. 1988);
Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987)). The jury charge
instructed the jury to determine whether the evidence proved beyond a reasonable doubt
that Alfredo was guilty of capital murder before considering whether he was guilty of
murder, and if not, to determine if Alfredo was guilty of murder before considering whether
he was guilty of aggravated robbery. Because the jury found Alfredo guilty of murder, we
presume that it did not consider the offense of aggravated robbery. See id. Thus, the trial
court’s error in including the instruction on aggravated robbery did not harm Alfredo. See
Almanza, 686 S.W.2d at 171. Therefore, we overrule Alfredo’s fourth issue. 
IV. Conclusion
          Having overruled all of Alfredo’s issues on appeal, we affirm the trial court’s
judgment.
__________________________
GINA M. BENAVIDES,
Justice


Do not publish.
Tex. R. App. P. 47.2(b)

Delivered and filed the
30th day of December, 2010.