NO. 07-10-00232-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
25, 2011

 



 

BARSHA FANNER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 46TH DISTRICT COURT OF
WILBARGER COUNTY;

 

NO. 11,293; HONORABLE DAN MIKE BIRD, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

ORDER ON ABATEMENT AND REMAND

            Appellant,
Barsha Fanner, pleaded guilty in open court to
charges of aggravated assault, a first-degree felony,[1]
and was placed on deferred adjudication community supervision for eight
years.  On the State’s motion, the trial
court adjudicated him guilty of the offense and sentenced him to forty-five
years’ imprisonment.  Appellant’s counsel
has filed an Anders brief and a motion to withdraw.  See Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967).  For reasons expressed
herein, we abate and remand this cause to the trial court for appointment of
new counsel.

            In
support of his motion to withdraw, counsel certifies he has conducted a conscientious
examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal.  See Anders,
386 U.S. at 744–45; In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). 
Counsel candidly discusses why, under the controlling authorities, the
appeal is frivolous.  See High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978).  Counsel has demonstrated that he
has complied with the requirements of Anders by (1) providing a copy of
the brief to appellant, (2) notifying him of his right to file a pro se
response if he desired to do so, and (3) informing him of his right to file a
pro se petition for discretionary review.[2]  See In re Schulman, 252 S.W.3d at 408.

            When
presented with an Anders brief, an appellate court has a duty to conduct
a full examination of the proceeding, and if its independent inquiry reveals a
non-frivolous or arguable ground for appeal, it must abate the proceeding and
remand the case to the trial court so that new counsel can be appointed to
brief the issues.  See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State,
178 S.W.3d 824 (Tex.Crim.App. 2005).

            In
the instant case, the clerk’s record reflects that appellant was originally
charged by information of the felony offense of aggravated assault.  The Texas Constitution requires that the
State obtain a grand jury indictment in a felony case, unless the defendant
waives that requirement.  Tex. Const. art. I, § 10; Teal v.
State, 230 S.W.3d 172, 174 (Tex.Crim.App. 2007); see
also Tex. Code
Crim. Proc. Ann. art.
1.05 (West 2005) (“No person shall be held to answer for a felony unless on
indictment of a grand jury.”).  Absent an
indictment or valid waiver, a district court does not have jurisdiction over
that case.  Teal, 230 S.W.3d at
174–75; Cook v. State, 902 S.W.2d 471, 475–76 (Tex.Crim.App.
1995).

            Our
review of the clerk’s record suggests that no written waiver of indictment was
intelligently, voluntarily, and knowingly executed in connection with the
original plea proceeding.  See Tex. Code Crim. Proc. Ann. art. 1.141
(West 2005).  We do not have a
reporter’s record of that proceeding from which to determine whether appellant
orally waived indictment in open court.  See
id.  We have deemed the apparent
absence of a waiver of indictment an “arguable issue” based on three
considerations: (1) counsel has made no representation to the Court in the Anders
brief that appellant waived indictment, (2) the record before us suggests that
appellant did not do so, and (3) the failure of appellant to waive indictment
could divest the trial court of jurisdiction over the original plea proceeding
and, therefore, could be a basis for challenging the trial court’s order
adjudicating appellant guilty, even in the procedural posture in which this
case stands.  See Trejo v. State,
280 S.W.3d 258, 261 (Tex.Crim.App.
2009).

            Though,
after thorough review of the records of the plea proceeding, it may be revealed
that appellant did validly waive indictment, we do not have such record before
us and believe that we are required by Anders to abate and remand this
cause to the trial court for appointment of new counsel to review this issue on
behalf of appellant.[3]  See Anders, 386 U.S. at 744
(concluding that “if [an appellate court] finds any of the legal points
arguable on the merits (and therefore not frivolous) it must, prior to
decision, afford the indigent the assistance of counsel to argue the appeal”); Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991) (relying on Anders to conclude that “if the Court of Appeals does
find that there are arguable grounds, the appellate court must then guarantee
appellant’s right to counsel by ensuring that another attorney is appointed to
represent appellant on appeal”).

            Having
concluded, from the record before us, that at least one arguable ground for
appeal exists, we grant appellant’s counsel’s motion to withdraw, abate this
proceeding, and remand this cause to the trial court for the appointment of new
counsel. See Bledsoe, 178 S.W.3d at 827;
Stafford, 813 S.W.2d at 511.  We
direct the trial court to appoint new counsel to represent appellant on appeal
by April 4, 2011.  The trial court shall
furnish the name, address, telephone number, and state bar number of new counsel
to the Clerk of this Court immediately after the appointment of counsel is
ordered.  Finally, the trial court shall
cause its order appointing counsel to be included in a supplemental clerk’s
record which shall be filed with the Clerk of this Court by April 14, 2011.  Appellant’s brief shall address the issue we
have identified, together with any other arguable issues identified by counsel,
and shall be due forty-five days from the date of the trial court’s appointment
of new counsel.  All other appellate
deadlines shall run in accordance with the Texas Rules of Appellate Procedure.

            It
is so ordered.

Per Curiam

Do not publish.

 

 











[1]
See
Tex. Penal Code Ann. § 22.02 (West Supp. 2010).

 





[2]
Notwithstanding that appellant was informed of
his right to file a pro se petition for discretionary review upon execution of
the trial court’s certification of defendant's right of appeal, counsel must
comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides
that counsel shall within five days after this opinion is handed down, send appellant
a copy of the opinion and judgment together with notification of his right to
file a pro se petition for discretionary review. In re Schulman, 252
S.W.3d at 409 n.22, 412 n.35.





[3] By our disposition, we do not necessarily preclude
newly-appointed counsel’s conclusion, after having reviewed the relevant
records and law, that appellant waived indictment and that, even after
reviewing these and any other issues, the appeal is, in fact, frivolous.