NO. 07-10-00232-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 25, 2011

BARSHA FANNER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 11,293; HONORABLE DAN MIKE BIRD, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ORDER ON ABATEMENT AND REMAND**

Appellant, Barsha Fanner, pleaded guilty in open court to charges of aggravated assault, a first-degree felony,[1] and was placed on deferred adjudication community supervision for eight years. On the State's motion, the trial court adjudicated him guilty of the offense and sentenced him to forty-five years' imprisonment. Appellant's counsel has filed an Anders brief and a motion to withdraw. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). For reasons expressed herein, we abate and remand this cause to the trial court for appointment of new counsel.

---

[1] See TEX. PENAL CODE ANN. § 22.02 (West Supp. 2010).

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. See Anders, 386 U.S. at 744–45; In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of Anders by (1) providing a copy of the brief to appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review.[2] See In re Schulman, 252 S.W.3d at 408.

When presented with an Anders brief, an appellate court has a duty to conduct a full examination of the proceeding, and if its independent inquiry reveals a non-frivolous or arguable ground for appeal, it must abate the proceeding and remand the case to the trial court so that new counsel can be appointed to brief the issues. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).

In the instant case, the clerk's record reflects that appellant was originally charged by information of the felony offense of aggravated assault. The Texas

---

[2] Notwithstanding that appellant was informed of his right to file a pro se petition for discretionary review upon execution of the trial court's certification of defendant's right of appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. In re Schulman, 252 S.W.3d at 409 n.22, 412 n.35.

Constitution requires that the State obtain a grand jury indictment in a felony case, unless the defendant waives that requirement. TEX. CONST. art. I, § 10; Teal v. State, 230 S.W.3d 172, 174 (Tex.Crim.App. 2007); see also TEX. CODE CRIM. PROC. ANN. art. 1.05 (West 2005) ("No person shall be held to answer for a felony unless on indictment of a grand jury."). Absent an indictment or valid waiver, a district court does not have jurisdiction over that case. Teal, 230 S.W.3d at 174–75; Cook v. State, 902 S.W.2d 471, 475–76 (Tex.Crim.App. 1995).

Our review of the clerk's record suggests that no written waiver of indictment was intelligently, voluntarily, and knowingly executed in connection with the original plea proceeding. See TEX. CODE CRIM. PROC. ANN. art. 1.141 (West 2005). We do not have a reporter's record of that proceeding from which to determine whether appellant orally waived indictment in open court. See id. We have deemed the apparent absence of a waiver of indictment an "arguable issue" based on three considerations: (1) counsel has made no representation to the Court in the Anders brief that appellant waived indictment, (2) the record before us suggests that appellant did not do so, and (3) the failure of appellant to waive indictment could divest the trial court of jurisdiction over the original plea proceeding and, therefore, could be a basis for challenging the trial court's order adjudicating appellant guilty, even in the procedural posture in which this case stands. See Trejo v. State, 280 S.W.3d 258, 261 (Tex.Crim.App. 2009).

Though, after thorough review of the records of the plea proceeding, it may be revealed that appellant did validly waive indictment, we do not have such record before us and believe that we are required by Anders to abate and remand this cause to the

3

trial court for appointment of new counsel to review this issue on behalf of appellant.[3]

See Anders, 386 U.S. at 744 (concluding that "if [an appellate court] finds any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal"); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991) (relying on Anders to conclude that "if the Court of Appeals does find that there are arguable grounds, the appellate court must then guarantee appellant's right to counsel by ensuring that another attorney is appointed to represent appellant on appeal").

Having concluded, from the record before us, that at least one arguable ground for appeal exists, we grant appellant's counsel's motion to withdraw, abate this proceeding, and remand this cause to the trial court for the appointment of new counsel. See Bledsoe, 178 S.W.3d at 827; Stafford, 813 S.W.2d at 511. We direct the trial court to appoint new counsel to represent appellant on appeal by April 4, 2011. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel to the Clerk of this Court immediately after the appointment of counsel is ordered. Finally, the trial court shall cause its order appointing counsel to be included in a supplemental clerk's record which shall be filed with the Clerk of this Court by April 14, 2011. Appellant's brief shall address the issue we have identified, together with any other arguable issues identified by counsel, and shall be due forty-five days from the

_____

[3] By our disposition, we do not necessarily preclude newly-appointed counsel's conclusion, after having reviewed the relevant records and law, that appellant waived indictment and that, even after reviewing these and any other issues, the appeal is, in fact, frivolous.

date of the trial court's appointment of new counsel.  All other appellate deadlines shall run in accordance with the Texas Rules of Appellate Procedure.

It is so ordered.

Per Curiam

Do not publish.